JS 44 (Rev. 12/12) **CIVIL COVER SHEET** 16cv.676

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

16  0676

## I. (a) PLAINTIFFS
DONNA SUE DOWTON

**DEFENDANTS**
YEANDY C. ACEVEDO and EQUITY LIFESTYLE PROPERTIES, INC. and JOHN DOE(s) 1-10,

(b) County of Residence of First Listed Plaintiff: Morris County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Westchester County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Theodore C. Levy, Esquire, Fine and Staud LLC
1333 Race Street, Philadelphia, PA 19107
(215) 665-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

FEB - 8 2016

DATE: 02/04/2016
SIGNATURE OF ATTORNEY OF RECORD

S.T.

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE



# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**16   0676**

Address of Plaintiff: 174 Kings Road, Madson, NJ 07940

Address of Defendant: 2215 Morgan Avenue, Bronx, NY 10469 and Two N. Riverside Plaza, Chicago, IL 60606

Place of Accident, Incident or Transaction: 2043 Allegheny Cove, East Stroudsburg, PA 18302
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☑

Does this case involve multidistrict litigation possibilities?    Yes☐ No☑
RELATED CASE, IF ANY: None
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) Failure to provide safe campsite

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Theodore C. Levy, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/11/16      Attorney-at-Law      311794  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

FEB - 8 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/11/16      Attorney-at-Law      311794  Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DONNA SUE DOWNTON | : | CIVIL ACTION |
| v. | : | 16  0676 |
| YEANDY C. ACEVEDO, ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 2/4/16 | THEODORE C. LEVY, ESQUIRE | DONNA SUE DOWTON, PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-0100 | 215-665-1393 | tlevy@fineandstaud.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB - 8 2016



# FINE AND STAUD LLC

ATTORNEYS AT LAW
PERSONAL INJURY, WORKERS COMPENSATION, AND MARITIME LITIGATION

LOUIS SAMUEL FINE (RETIRED)
ROBERT P. FINE
DAVID W. FINE
DAVID M. SANSWEET
ROBIN A. FEENEY

1333 RACE STREET
PHILADELPHIA, PA 19107-1585
PHONE: (215) 665-0100
FAX: (215) 665-1393
E-MAIL: LAW@FINEANDSTAUD.COM
WEB: WWW.FINEANDSTAUD.COM

FEEDA R. MUSITIEF*
THEODORE C. LEVY*†
JOHN A. DINGLE*

ALOYSIUS J. STAUD (DECEASED)

*ALSO MEMBER OF NEW JERSEY BAR
†LL.M. IN TRIAL ADVOCACY

February 5, 2016

16    0676

United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

**RE: Donna Sue Dowton v. Yeandy C. Acevedo, et al.**

Dear Sir or Madam:

Enclosed for filing, please find an original and three copies of Complaint. Also enclosed is a check in the amount of $400.00. I also enclose a disc containing a copy of the Complaint, Civil Cover Sheet and Case Management form. I would appreciate your time-stamping the enclosed copies of the Complaint and returning it to me in the enclosed stamped, self-addressed envelope.

Thank you for your assistance.

Very truly yours,

FINE AND STAUD, LLC

THEODORE C. LEVY, ESQUIRE

TCL/elc

Enclosures

FEB -8 2016

SERVING CLIENTS SINCE 1958

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA SUE DOWTON<br>174 Kings Road<br>Madison, NJ 07940<br>　　　　　　　　　Plaintiff<br>vs.<br><br>YEANDY C. ACEVEDO<br>2215 Morgan Avenue, 2FL<br>Bronx, NY 10469<br><br>　　　and<br><br>EQUITY LIFESTYLE PROPERTIES, INC.<br>Two North Riverside Plaza<br>Chicago, Illinois 60606<br><br>　　　and<br><br>JOE DOE(S) 1-10<br>Employees, Servants, Officers, Workmen,<br>and/or Agents of Equity LifeStyle<br>Properties, Inc., Individually, Jointly,<br>Severally and/or in the Alternative<br>　　　　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO:<br><br><br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

### I.　　PARTIES

1.　　Plaintiff, Donna Sue Dowton ("Dowton"), is an adult individual and resident of the State of New Jersey, currently residing at the above stated address.

2.　　Defendant, Yeandy C. Acevedo ("Acevedo"), is an adult individual and resident of the State of New York, currently residing at the above stated address.

3.　　Defendant, Equity LifeStyle Properties, Inc. ("Equity LifeStyle"), upon information and belief, is a corporation or other business entity which regularly conducts

business in the Commonwealth of Pennsylvania with one of its subsidiary organizations Thousand Trails Campgrounds, of which has an address at 6837 Lake Road, East Stroudsburg, PA and 2043 Allegheny Lane, East Stroudsburg, PA 18302, with its principle place of business at the above stated address. Defendant employs or employed Defendants, John Doe(s) 1-10.

4. At all times relevant hereto, Equity Lifestyle owned, controlled, possessed, managed, leased and/or was otherwise responsible for the maintenance of the campground and real property located at 2043 Allegheny Lane, East Stroudsburg, PA 18302 (the "Property") and known as Timothy Lake South RV Campground, including but not limited to supervision in relation to the safety of its campground members.

5. At all times relevant to this action, Defendant Equity Lifestyle, acted by and through its authorized agents, servants and employee acting within the course and scope of their employment and Defendant Equity Lifestyle is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

6. Defendant, John Doe(s) 1 through 10, being fictitious names, were Defendant's employees, servants, officers, workmen, and/or agents, and otherwise performed or engaged in conduct incidental to the performance of their functions in the course of their duties as Defendant Equity LifeStyle's employees, servants, officers, workmen, and/or agents. These Defendants are being sued in their individual and official capacities.

## II. JURISDICTION

7. This action is brought pursuant to 28 U.S.C. § 1332, as Plaintiff Donna Sue Dowton is a resident of the State of New Jersey and Defendant Yeandy C. Acevedo is a resident of the State of New York, and Defendant Equity Lifestyle's principal place of business is in the State of

Illinois, and the amount in controversy exceeds $75,000.00, thereby meeting the requirements for diversity of citizenship.

8.     Venue is proper in the Eastern District of Pennsylvania in that all events relevant to the above captioned matter occurred in East Stroudsburg, Pennsylvania.

### III.    OPERATIVE FACTS

9.     On or about September 18, 2015, Plaintiff Dowton, along with her husband Scott Dowton, was a guest at the Timothy Lake South RV Campground, which is owned, controlled, managed, and maintained by Defendant Equity LifeStyle, located at 2043 Allegheny Lane, East Stroudsburg, PA 18302.

10.    At approximately 11:00 P.M. Plaintiff and her husband went to sleep in their RV.

11.    At the time Plaintiff and her husband went to be they were not intoxicated and not under the influence of alcohol.

12.    Several hours later, at approximately 2:00AM on September 19th, Plaintiff Dowton was awoken by Defendant Acevedo, who was staying in a mobile RV next to Plaintiff Dowton.

13.    Because Acevedo was so loud that Plaintiff was prevented from sleeping, Plaintiff Dowton then called security of Timothy Lake Campground to report a noise complaint against Defendant Acevedo.

14.    Plaintiff Dowton also called and left a message with the front desk of the Thousand Trails Campground where Plaintiff Dowton was staying.

15. After failing to reach security or a person at the front desk, Plaintiff Dowton called Thousand Trails Campground's security approximately more 2-3 times and did not receive a response.

16. After security failed to resolve the situation, Plaintiff Dowton walked over to talk to Defendant Acevedo RV area, where Ms. Acevedo was staying with her boyfriend, and asked Defendant Acevedo to be quiet so Plaintiff Dowton could sleep.

17. Defendant Acevedo refused to be quiet so that Plaintiff could sleep.

18. Defendant Acevedo then began throwing rocks at Plaintiff, shoved Plaintiff, hitting Plaintiff, pulling Plaintiff's Dowton's hair out, and knocking Plaintiff to the ground.

19. After the fight took place between Defendant Acevedo and Dowton took place, Dowton went back to her RV and called the police.

20. At all times relevant, Defendants jointly and severally had an obligation to exercise reasonable care in the supervision of the Thousand Trails Campground, including but not limited to the common area where the campground members kept their mobile homes.

21. On or about September 19, 2015, as a result of Defendant Equity Lifestyle's failure, through its authorized agents, to properly supervise the Thousand Trails Campground at all times, Plaintiff Dowton was forced to walk over to Defendant Acevedo to try and resolve the situation.

22. Defendant Equity Lifestyle's conduct, via its authorized agents, whereby security and employees of the front desk of Thousand Trails Campground failed to report to Defendant Acevedo's mobile home to resolve the situation caused needless risk of harm to Plaintiff Dowton.

23. The Defendant Equity Lifestyle, in the operation of the Property, is not permitted to needlessly endanger its members.

24. At all times relevant, Defendant Equity Lifestyle via its authorized agents, knew or should have known that failing to respond to a complaint by one of its members about another member, constituted a failure to properly supervise and maintain safety of its members, including Plaintiff Dowton.

25. Plaintiff Dowton while exercising due care and caution for her own safety, suffered permanent injuries as a result of the incident with Defendant Acevedo.

26. At all relevant times to this matter, Defendant Equity LifeStyle owned, managed, leased, possessed and/or otherwise controlled the subject property and were responsible by themselves and by and through their employees, workmen, servants, contractors, and/or agents for the supervision of the subject property including but not limited to maintaining the safety of its members.

27. Defendant Equity Lifestyle is vicariously for the negligence and carelessness of their employees, workmen, servants, contractors, and/or agents who at all material times hereto were acting or failing to act within the course and scope of their employment, authority, and/or agency, specifically with respect to failing to supervise its members, of which lead to Plaintiff suffering injuries.

28. Defendants are jointly and severally liable for the fight that caused Plaintiff Dowton to suffer permanent and serious injuries.

29. As a direct and proximate result of the negligence and carelessness of Defendants, Yeandy C. Acevedo and Equity LifeStyle Properties, Inc., Plaintiff suffered and sustained permanent injuries which caused a substantial impairment of bodily function. Plaintiff's injuries include without limitation, injuries to her muscles, tendons, ligaments, bones, left wrist, left hand, left fingers, legs, head, rupture of ulnar collateral ligament of left thumb requiring surgical

repair, sprain of metacarpophalangeal of left hand, hair loss, and aggravation of preexisting conditions if any, all or some of which are or may be permanent. Plaintiff also makes claims for such injuries, damages and consequences of which she has no present knowledge.

30. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for the injuries she has suffered and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

31. As a further result of this accident, Plaintiff has or may suffer a severe loss of her earnings and of her earning capacity and power.

32. As a direct and proximate result of this accident, Plaintiff has or may hereafter incur financial expenses or losses which do or may exceed amounts she may otherwise be entitled to receive.

33. As a further result of this accident, and by reason of the injuries as aforesaid, Plaintiff has suffered and in the future may continue to suffer great pain and agony, mental anguish and humiliation and has been, and may in the future, be hindered from attending to her daily duties, function and occupation, to her great detriment and loss.

<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>**DONNA SUE DOWTON V. YEANDY C. ACEVEDO & EQUITY LIFESTYLE PROPERTIES, INC.**</u>

34. Plaintiff herein incorporates by reference the allegations contained in all preceding paragraphs as it fully set forth at length herein.

35. Plaintiff Dowton's injuries was caused solely by the negligence and carelessness of Defendants by themselves and/or by and through their employees, servants, workmen, contractors, and/or agents, and was due in no manner whatsoever to any act, or failure to act, on the part of the Plaintiff.

36. The Defendant Equity Lifestyle knew or should have known that failing to respond in a timely manner to its member complaining about another member created a dangerous condition to its members including Donna Sue Dowton.

37. The property was under the control, possession, management, and ownership of Defendant Equity Lifestyle.

38. Defendant Equity Lifestyle had an obligation to keep the property in a safe condition.

39. It was the duty of Defendant Equity Lifestyle to use ordinary care and diligence to keep and maintain the property in a condition reasonably safe for its intended use, which would have prevented an unreasonable risk of harm to Donna Sue Dowton in her lawful use of the premises at Thousand Trails Campground.

40. It was the duty of Defendant Equity Lifestyle to exercise reasonable care to protect its members including Donna Sue Dowton by proper supervision and other affirmative acts, from the danger of reasonably foreseeable injury occurring from a failure to timely respond to a member complaint relating to another member.

41. Plaintiff Dowton's injuries were caused by the carelessness and negligence of Defendant Acevedo which included by is not limited to the following:

    a. Making an extreme amount of noise on the campground in violation of campground policy;

  b.  Consuming excessive amounts of alcohol so as to be rendered incapable of good judgment;

  c.  Throwing rocks at Plaintiff;

  d.  Striking Plaintiff;

  e.  Pulling Plaintiff's hair;

  f.  Shoving Plaintiff; and

  g.  Knocking Plaintiff to the ground;

42. Plaintiff Dowton's injuries were caused by the carelessness and negligence of Defendant Equity LifeStyle which included by is not limited to the following:

  a.  Failing to keep the property in a condition reasonably safe for its intended use, of which rendered it unsafe for Donna Sue Dowton;

  b.  Failing to exercise reasonable care or other affirmative acts to protect Donna Sue Dowton from dangers reasonably foreseeable;

  c.  Failing to fulfill their duties as stated aforesaid and those required by law as an owner, possessor and/or operator, of the subject property;

  d.  Negligent supervision and hiring of employees, agents, and servants;

  e.  Negligent training of employees, agents, and workmen in safety of its members;

  f.  Implementation of inadequate safety procedures and policies;

  g.  Failing to timely respond to member complaints relating to other members;

  h.  Acting in a careless and negligent manner;

      i.      Failing to follow own protocol regarding the campground rules about noise;

      j.      Failing to adequately patrol the campground to make sure people are not being too loud or drinking excessively;

      k.      Failing to respond when Dowton made complaints; and

      l.      Failure to request that Defendant Acevedo keep the noise down to allow other residents to sleep.

**WHEREFORE**, Plaintiff, Donna Sue Dowton, requests for following relief from Defendants:

      a.      Compensatory damages;

      b.      Punitive damages;

      c.      Reasonable attorney's fees and costs;

      d.      Such other and further relief as appears reasonable and just; and

      e.      A jury trial as to each Defendant and as to each count.

RESPECTFULLY SUBMITTED,

BY: _____
THEODORE C. LEVY, ESQUIRE
Attorney for Plaintiff
Attorney Identification No. 311794
FINE AND STAUD LLC
1333 Race Street
Philadelphia, PA 19107
(215) 665-0100
tlevy@fineandstaud.com

Date: 2/4/16